UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN T. SANCHEZ and LILLY-MOLINA SANCHEZ, individually and on behalf of their minor child, Lilly Sanchez | CIVIL ACTION |
| VERSUS | NO. 12-0865 |
| PETCO ANIMAL SUPPLIES STORES, INC. | SECTION: "G"(5) |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand.[1] Defendant Petco Animal Supplies Stores, Inc. ("Defendant") filed a response,[2] in which Defendant concedes that it cannot meet its burden to demonstrate that the necessary amount in controversy has been met. Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will grant the Motion to Remand.

### I. Background

On April 3, 2012, Defendant removed this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] The basis alleged for removal was this Court's diversity jurisdiction.[4] The case concerns injuries sustained by a minor child, Lilly Sanchez, when a sliding glass door at one of Defendant's stores struck the child's foot, with the accident allegedly caused by

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 9.

[3] Rec. Doc. 1.

[4] *Id.* at ¶¶ 3-4, 7.

1

the improper and negligent placement of an advertisement stand on the sliding glass door tracks.[5] Defendant filed its answer in this Court on April 19, 2012.[6]

On April 20, 2012, Plaintiffs filed the pending motion, arguing that Defendant did not satisfy its burden to establish that damages would exceed the required amount in controversy for diversity jurisdiction to obtain.[7] Plaintiffs further noted that the Defendant cannot establish that damages will exceed the amount in controversy because Plaintiffs have stipulated that damages do not exceed $75,000.[8] On May 15, 2012, Defendant filed its response, wherein Defendant acknowledged that it lacked " evidence sufficient to establish, by a preponderance of the evidence, that plaintiff's [sic] claims do, in fact exceed $75,000" and wherein Defendant stated that it could not "adequately oppose" Plaintiffs' motion.[9]

## II. Law and Analysis

Generally, a defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action, meaning that the plaintiff originally could have brought the action in federal court.[10] Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of

---

[5] Petition, Rec. Doc. 1-1 at ¶ 2.

[6] Rec. Doc. 4.

[7] Rec. Doc. 7-1 at ¶ IV ("In its Notice of Removal, defendant merely recited the damages listed in Plaintiffs' Petition. Defendants have not enunciated any specific evidence establishing that the identified damages would meet or exceed the jurisdictional amount on [sic] controversy.").

[8] *Id.* at ¶¶ II, IV.

[9] Rec. Doc. 9 at p. 2.

[10] *See* 28 U.S.C. § 1441(a).

2

interests and costs, and is between citizens of different states. Even where the plaintiff challenges removal, the burden rests on the removing defendant to demonstrate that the court has removal jurisdiction,[11] and any ambiguities are construed against removal.[12]

Here, it is undisputed that the parties are citizens of different states,[13] so the only question before this Court is whether the amount in controversy requirement is met. Under Louisiana law, a plaintiff is forbidden from including a specific amount of damages in his prayer for relief.[14] When, as in Louisiana, a plaintiff has alleged an indeterminate amount of damages, the removing party is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15] Such a showing may be made by either (1) demonstrating that it is facially apparent that the plaintiff's claims likely meet the jurisdictional amount, or (2) setting forth "summary judgment type evidence" of facts that support a finding that the claims likely exceed the required amount in controversy.[16] In this case, Defendant has presented no such evidence and, in fact, Defendant has specifically conceded that it cannot meet its burden to provide such evidence. Therefore, this Court lacks jurisdiction over this matter and it must be remanded.

---

[11] *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[12] *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

[13] Plaintiffs are alleged to be citizens of Louisiana, and Defendant is alleged to be a citizen of Delaware and of California.

[14] La. Code Civ. Proc. art. 893.

[15] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[16] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### III. Conclusion

Defendant has failed to satisfy its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, because this Court lacks diversity jurisdiction,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[17] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 23rd day of May, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[17] Rec. Doc. 7.